IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAYLA MCKENZIE, o/b/o<br>SHAMIYA LA'PRECIOUS GRIFFIN,<br><br>  Plaintiff,<br><br>  v.<br><br>JO ANNE BARNHART,<br>Commissioner of Social Security,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:05cv547-C<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiff Shayla McKenzie filed this lawsuit on behalf of her daughter, Shamiya La'Precious Griffin, (hereinafter referred to as "Shamiya") to review a final judgment by Defendant Jo Anne Barnhart, Commissioner of Social Security, in which she determined that Shamiya is not "disabled" and therefore, not entitled to supplemental security income benefits.  Her application was denied at the initial administrative level.  The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. The court has jurisdiction over this lawsuit under 42 U.S.C. §§ 405(g) and 1383(c)(3).[2] For the reasons that follow, the court concludes that the Commissioner's decision denying Shamiya supplemental security income benefits should be reversed and remanded for further proceedings.

## I. STANDARD OF REVIEW

In 1996, the President signed into law the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, which included a new standard for defining child disability under the Social Security Act. *See* PUB. L. NO. 104-193, 110 Stat. 2105, 2188 (1996). The revised statute provides that an individual under 18 shall be considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (1999). The sequential analysis for determining whether a child claimant is disabled is as follows:

1. If the claimant is engaged in substantial gainful activity, he is not disabled.
2. If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment. If the claimant's impairment is not severe, he is not disabled.

---

[2] 42 U.S.C. §§ 405(g) and 1383(c)(3) allow a plaintiff to appeal a final decision of the Commissioner to the district court in the district in which the plaintiff resides.

      3.      If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d) (1997).

The Commissioner's regulations provide that if a child's impairment or impairments does not meet, or is not medically equal or functionally equivalent in severity to a listed impairment, the child is not disabled. *See* 20 C.F.R. § 416.924(d) (2003). In reviewing the Commissioner's decision, the court asks only whether his findings concerning the steps are supported by substantial evidence. *See Brown v. Callahan*, 120 F.3d 1133 (10th Cir. 1997).

## II.  PLAINTIFF'S CLAIM

The plaintiff presents five issues for the Court's review. As stated by the plaintiff, the issues are as follows.

1. Whether the ALJ failed to properly refute the opinion of Dr. Handle (sic).

2. Whether the ALJ failed to properly refute testimony of record.

3. Whether the ALJ failed to consider the report from Shamiya's grandmother.

4. Whether the ALJ failed to order a consultative examination to properly evaluate Shamiya's phonological disorder.

5. Whether the new evidence submitted to the appeals council warrants remand.

(Pl's Br. at 1)

## III.  DISCUSSION

The ALJ, in his opinion, followed the new regulations' three steps as listed above

when he analyzed Shamiya's claim.  After doing so, he concluded that Shamiya is not disabled and, therefore denied her claim for supplemental security income benefits.  Under the first step, the ALJ found that Shamiya is not engaged in substantial gainful activity.  At the second step, the ALJ found that Shamiya has severe impairments of "mood disorder, not otherwise specified, with psychotic features; attention deficit hyperactivity disorder (ADHD), combined type; phonological disorder; and asthma."  (R. 22-23).  Next, at step three, the ALJ found that Shamiya did not have an impairment, individually or in combination, that meets or medically equals any of the impairments listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P.  In so finding, the ALJ makes no mention of Listing 112.04, Mood Disorders or Listing 112.11, Attention Deficit Hyperactivity Disorder.  Instead, the ALJ concluded that Shamiya's "impairments do not result in "marked and severe" functional limitations."  (R. 24).

The plaintiff raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence.  *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).  However, the court pretermits discussion of the plaintiff's specific arguments because the court concludes that the ALJ erred as a matter of law, and thus, this case is due to be remanded for further proceedings.

An ALJ has a duty to fully and fairly develop the record.  *See e.g. Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  *See also, Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985).

When a claimant is unrepresented by counsel at the administrative hearing, the ALJ has a heightened duty to develop a full and fair record.[3] *See e.g., Smith v. Schweiker,* 677 F.2d 826, 829 (11th Cir. 1982). Notwithstanding a valid waiver of the right to representation at the hearing, when a disability claimant is unrepresented by an attorney, the duty of an ALJ to develop a full and fair record rises to a special level. *Id.* The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). A remand to the Commissioner is warranted when the plaintiff shows prejudice. *Kelley v. Heckler,* 761 F.2d 1538 (11th Cir. 1985).

> This at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision. *See Smith* [*v. Schweiker,* 677 F.2d 826, 830 (11th Cir. 1982)] (relevant inquiry is whether the record reveals evidentiary gaps which result in unfairness or clear prejudice).

*Id.* at 1540.

The court has reviewed the record and concludes that the plaintiff was prejudiced by the ALJ's failure to adequately and fully develop the record regarding Shamiya's treatment by Dr. Handal. The ALJ describes Dr. Handal's treatment of Shamiya as follows.

> Nelson M. Handal, M.D., evaluated the claimant psychiatrically on April 7, 2003. Dr. Handal diagnosed mood disorder, not otherwise specified, with psychotic features; ADHD, combined type; and phonological disorder. Dr.

---

[3] The plaintiff waived her right to representation at the administrative hearing. The right to a representative is a statutory right, 42 U.S.C. § 406, which may be waived. *Smith v. Schweiker,* 677 F.2d 826 (11th Cir. 1982).

5

Handal reschedules the claimant for appointments at three month intervals. (R. 22).

Unfortunately, the ALJ simply ignores significant notations in Dr. Handal's records. For example, Dr. Handal repeatedly noted that he strongly suspected that Shamiya may be experiencing "emerging Bipolar Disorder based on family history and clinical presentation." (R. 148, 184, 187). He prescribed Zyprexa to treat symptoms of "psychosis, irritability, poor judgement (potentially a danger to self and others)." (R. 148, 185, 186). The ALJ makes no reference to these records.

The Commissioner argues that "[a]lthough the ALJ did not specify what weight he gave to the opinion of Dr. Handal, contrary to Plaintiff's contention, it appears that he did give the opinion favorable weight." (Mem. in Supp. of the Comm'r's Decision, at 5). First, the Commissioner's argument is purely speculative. Neither the Commissioner nor the court can ascertain from the ALJ's decision what weight, if any, the ALJ gave Dr. Handal's records.

Second, and perhaps more importantly, the Commissioner concedes that "the bodies of Dr. Handal's evaluations do not discuss any details as to why [Shamiya] **may be a potential** danger to herself and others." (*Id.*) (emphasis in original). When there is a conflict, inconsistency or ambiguity in the record, the ALJ has an obligation to resolve the conflict, giving specific reasons supported by the evidence as to why he accepted or rejected one opinion over another. "Conflicts in the evidence, including medical opinions, are to be

6

resolved by the [Commissioner], not by the courts." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981) *citing Laffoon v. Califano*, 558 F.2d 253, 254-55 (5th Cir. 1977). *See also Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981) ("[T]he ALJ has primary responsibility for responsibility for resolving conflicts in the evidence."). An ALJ may not arbitrarily pick and choose facts from the medical evidence to support his conclusion without articulating specific, well supported reasons for crediting some evidence while discrediting other evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839, 840-841 (11th Cir. 1992). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). "Failure to do so requires the case be vacated and remanded for the proper consideration." *Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir. 1985).

The record before the court is replete with references to Shamiya's behavior and these references are not consistent. Even Dr. Handal's own records reflect this. For example, Dr. Handal's progress note of September 30, 2003 recites that "patient is functioning well at school;" "mood is stable;" and "patient denies having received referrals from school officias regarding behavior problems." However, this same progress notes reflects Dr. Handal's conclusion that Shamiya has a mood disorder with psychotic features. Furthermore, Dr. Handal continues Shamiya on Xyprexa for symptoms of "psychosis, irritability, poor judgment (potentially a danger to self and others). Objectively, it is difficult to believe this

7

report is about the same person.  In order to fulfill his obligations, the ALJ must, at the very least, resolve the inconsistencies in the evidence regarding Shamiya's mental impairment, rather than selectively choosing items to support his decision.  If the ALJ did not have sufficient information to resolve the inconsistencies, or Dr. Handal's records did not give sufficient medical evidence to make a determination as to disability, pursuant to 20 C.F.R. § 416.917, the ALJ was required to order additional medical tests.  In this case, the ALJ neither reconciled the inconsistencies nor obtained any testing or evaluations to develop the medical evidence.  *See Holladay v. Bowen,* 848 F.2d 1206, 1209 (11th Cir. 1988) (ALJ is not required to order consultative examination unless the record establishes that such an evaluation is necessary to make informed decision); *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984) (error for ALJ not to order consultative examination where the evaluation is needed to make an informed decision).  In this case, the ALJ simply ignored the conflicting evidence.  Consequently, the court concludes that the ALJ failed to develop the record regarding the status of Shamiya's emerging bipolar disorder and/or "symptoms of psychosis, irritability, [and] poor judgement (potentially a danger to self and others."  The ALJ's failure to fully develop the record in this case requires that this case be remanded for further proceedings.  The ALJ could not make an informed decision based on the record before him and thus, his decision is not supported by substantial evidence.

     For all the foregoing reasons, this case must be remanded for proper consideration of the medical evidence concerning Shamiya's impairments.

## IV. CONCLUSION

For all the foregoing reasons, this case must be remanded to the Commissioner for further review in accordance with this opinion.

A separate order will issue.

Done this 18th day of July, 2006.

                                                /s/Charles S. Coody  
                                         CHARLES S. COODY  
                                         CHIEF UNITED STATES MAGISTRATE JUDGE